**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MICHAEL SIMMONS,**

      **Petitioner,**

      **v.**

**WARDEN, BELMONT
CORRECTIONAL INSTITUTION,**

      **Respondent.**

        **CASE NO. 2:25-cv-282**
        **Chief Judge Sarah D. Morrison**
        **Magistrate Judge Chelsey M. Vascura**

## REPORT AND RECOMMENDATIONS

Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and this Court's General Order 22–05.  Before the Court are the Petition (ECF No. 1), Respondent's Return of Writ (ECF No. 5), Petitioner's Traverse (ECF No. 9 ("Reply")) and Declaration in Support (ECF No. 8, PageID 631), the state-court record (ECF No. 4), and the state trial court transcripts (ECF No. 4-2).  For the reasons that follow, it is **RECOMMENDED** that the Petition be **DENIED** and this action be **DISMISSED**, and that the Court decline to issue a certificate of appealability.

## I.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

Petitioner's conviction arises from a physical altercation with victim Dominique Richardson on July 14, 2020, that escalated into Petitioner drawing a firearm during the altercation.  The Ohio Court of Appeals, Seventh Appellate District summarized the relevant

facts as follows, and in accordance with 28 U.S.C. § 2254(e)(1), those facts are presumed correct on habeas review[1]:

{¶2} On June 2, 2021, Appellant [Simmons] was indicted by the Jefferson County Grand Jury on two counts: count one, felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(2), with specifications for possession of a firearm and brandishing a firearm; and count two, having weapons while under disability, a felony of the third degree in violation of R.C. 2923.13(A)(3). (FN2: The charges stem from an altercation between Appellant and Dominique Richardson). Appellant retained counsel, pled not guilty at his arraignment, and waived his right to a speedy trial.

{¶3} A trial by jury commenced on October 6, 2022. (FN3: The parties stipulated Appellant was under a disability as defined by R.C. 2923.13 at the time of the offense).

{¶4} Appellee, the State of Ohio, presented eight witnesses: (1) Brandon Kelly, a patrolman with Steubenville Police Department ("SPD"); (2) Joel Michael Recznik, an officer with SPD; (3) Joe Buchmelter, a captain with SPD; (4) Shawn Extrovich, a patrolman with SPD; (5) Mark Taylor, a sergeant with SPD; (6) Dominique Richardson, the victim; (7) Julie Altizer, a forensic scientist with Ohio Bureau of Criminal Investigation ("BCI"); and (8) Brian Bissett, a detective with SPD.

{¶5} On July 14, 2020, Patrolman Kelly was working routine patrol. He was flagged down by a female who identified herself as Jasmine Savage. Savage revealed there was a fight at the Bridgeview Apartments between her boyfriend (Richardson) and another male (Appellant) and gunshots were fired. Patrolman Kelly radioed for backup assistance. Patrolman Extrovich arrived and assisted Patrolman Kelly. At the scene, it was clearly evident that some sort of disturbance occurred, including a broken fence into a vehicle, multiple items in the roadway, and blood droplets leading up the stairwell to the apartments.

{¶6} Sergeant Taylor arrived and he and Patrolman Kelly took photographs of the scene. Sergeant Taylor picked up evidence, including a pair of broken sunglasses, keys, and a head cloth. He spoke with Richardson. The perpetrator was identified as Appellant.

{¶7} Officer Recznik testified that Richardson arrived at the police station after the incident with a backpack. Inside the backpack were the handgun involved in the incident and a hat. Captain Buchmelter retrieved the gun and Officer Recznik took

---

[1] Petitioner challenges the correctness of the state appellate court's factual summary (ECF No. 9, PageID 635-38), which the undersigned addresses in more detail below.

photographs of it as well as the hat and shell casings.  Officer Recznik also took pictures of Richardson who had a split lip.  The gun and shell casings were admitted into evidence.

**{¶8}** Captain Buchmelter briefly interviewed Richardson in the detectives' office following the incident; the interview was recorded.  Richardson did not know Appellant before this incident.  Richardson testified Appellant's real name is Michael Simmons and his Facebook name is KT.  Richardson explained how the altercation occurred: Richardson got out of his car; saw another car pull up; a man got out of the vehicle, who he believed to be Appellant; the man walked over to Richardson; and attacked him with a gun.  Richardson said the gun was not his and believed it went off during the altercation but he was not hit by any gunfire.  Richardson retrieved the gun and cartridge and later gave them to the police.

**{¶9}** Detective Bissett viewed surveillance video footage of the security cameras from the apartment building.  The men identified in the altercation were Richardson and Appellant.  Appellant started the fight.  The video clearly shows Appellant drawing a handgun from his pants during the assault.  The gun discharged during the struggle but fortunately, Richardson was able to disarm Appellant.  Detective Bissett also viewed the firearm and testified it was operable.  The results of the test-fire were submitted into evidence.  The serial number on that gun matches the serial number of the gun that was retrieved in this crime.  After obtaining a search warrant, Detective Bissett got a swab from Appellant and sent it to BCI.

**{¶10}** BCI forensic scientist Altizer testified there were three items submitted in this case: (1) a firearm with the magazine; (2) a hat; and (3) a DNA standard from Appellant.  Altizer tests and wrote a report.  Regarding the firearm, Sample 1.1, a swab of the trigger and trigger guard, and 1.2, the swab of the grip, Appellant was not the major contributor.  Sample 1.3, a swab of the back slide area, and 1.4, the swab of the safety magazine release and slide release, were not run for DNA analysis.  Sample 1.5, a swab of the front slight area, Appellant was the major contributor (one in over a trillion people).  Sample 1.6, a swab of a casing, was not run for DNA analysis.  Regarding the hat, Sample 2.1, a DNA profile was not interpretable.  Regarding Appellant's DNA standard, Sample 3.1, the swab of the front slight area of the firearm revealed Appellant as the major contributor (one in over a trillion people).

**{¶11}** At the conclusion of the State's case, Appellant moved for an acquittal pursuant to Crim.R. 29, which was overruled by the trial court.

**{¶12}** The defense presented one witness: Valicia Martin, Appellant's girlfriend at the time of this incident.  Martin worked at a car lot with Richardson.  A dispute had been building up for a few days.  Martin said she was with Appellant when this

incident occurred. According to Martin, Appellant got out of his vehicle; Richardson was outside; she remained in the passenger seat; and Savage came over and began fighting with her. Martin did not see Richardson or Appellant for a significant period of time and remembers Appellant running back to the vehicle. On cross-examination, Martin said she did not see the initial confrontation between Richardson and Appellant. Martin stated Richardson had a gun and she never knew Appellant to carry a gun.

{¶13} The jury found Appellant guilty on both counts, including the two specifications, as charged in the indictment.

{¶14} On October 13, 2022, following a sentencing hearing, the trial court sentenced Appellant to six years (minimum) to nine years (maximum) on count one, merged the firearm specifications to three years mandatory, and three years on count two. The counts were ordered to be served consecutively for a total of 12 years (minimum) to 15 years (maximum) in prison, the first three years of which are mandatory. The court further notified Appellant that he is subject to post-release control for a period of 18 months up to three years.

*State v. Simmons*, 2023-Ohio-4246, 2023 WL 8181163, at *1-3 (Ohio App. 7th Dist. Nov. 22, 2023) (internal citations and additional footnotes omitted); (ECF No. 4 at Ex. 18, PageID 120-23).

After sentencing, Petitioner filed a *pro se* Motion for New Trial (ECF No. 4 at Ex. 19, PageID 141-42), which the state trial court overruled (*id.* at Ex. 21, PageID 145).

### A. Direct Appeal

Petitioner appealed his conviction and sentence to the state appellate court and raised the following six assignments of error through appellate counsel:

[1] THE TRIAL COURT ERRED BY ALLOWING A LAY WITNESS TO TESTIFY ON AN ULTIMATE FACT RESERVED FOR THE JURY.

[2] SIMMONS' CONVICTIONS ARE NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE.

[3] SIMMONS' CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

[4] THE STATE IMPROPERLY MISCHARACTERIZED THE EVIDENCE DURING ITS CLOSING ARGUMENT.

[5] THE TRIAL COURT FAILED TO MAKE THE FINDINGS REQUIRED TO IMPOSE CONSECUTIVE SENTENCES AT THE SENTENCING HEARING.

[6] THE TRIAL COURT FAILED TO PROPERLY PROVIDE SIMMONS WITH THE REGAN [SIC] TOKES ADVISEMENTS AS REQUIRED BY R.C. 2929.19.

(ECF No. 4 at Ex. 10, PageID 54-64).  Petitioner also raised *pro se* the following five

supplemental assignments of error:

[1] THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN REFUSING TO GRANT DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL WITH RESPECT TO THE CHARGE OF FELONIOUS ASSAULT – INSUFFICIENCY OF EVIDENCE.

[2] THE EVIDENCE FAILS TO SHOW THAT DEFENDANT CAUSED OR ATTEMPTED TO CAUSE PHYSICAL HARM TO ALLEGED VICTIM BY A FIREARM – MANIFEST WEIGHT OF EVIDENCE.

[3] THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN NOT GRANTING DEFENDANT[']S CHALLENGE FOR CAUSE DIRECTED TOWARDS VENIRPERSON [SIC] RICHARD LEASURE – JUROR BIAS.

[4] THE PROSECUTOR COMMITTED MISCONDUCT BY MAKING IMPROPER REMARKS AND MISSTATING EVIDENCE BY GIVING CONFUSING LEGAL CONCEPTS – PROSECUTORIAL MISCONDUCT.

[5] THE TRIAL COURT[']S REMARKS AND TREATMENT OF DEFENDANT DENIED HIM DUE PROCESS – JUDICIAL BIAS.

(*Id.* at Ex. 16, PageID 101-110).  On November 22, 2023, the state appellate court affirmed

Petitioner's convictions but vacated his sentence and remanded the matter to the state trial court

for "resentencing consistent with R.C. 2929.14(C)(4) (consecutive sentences) and

2929.19(B)(2)(c) (Reagan Tokes)." *Simmons*, 2023 WL 8181163, at *1-12; (ECF No. 4 at Ex.

18, PageID 120-40).

On March 25, 2024, Petitioner filed a Motion for Leave to File Delayed Appeal with the

Supreme Court of Ohio (ECF No. 4 at Ex. 25, PageID 158-62), which was granted (*id.* at Ex. 27,

5

PageID 190). Petitioner, proceeding *pro se*, raised the following two issues in his memorandum in support of jurisdiction:

> Proposition of Law No. 1: Appellant[']s conviction for felonious assault is not supported by sufficient evidence.
>
> Proposition of Law No. 2: Appellant[']s conviction for felonious assault is against the manifest weight of evidence.

(*Id.* at Ex. 28, PageID 191-203). The Supreme Court of Ohio declined to accept jurisdiction. (*Id.* at Ex. 29, PageID 228).

### B. Rule 26(A) Applications for Reconsideration

Before filing his motion for a delayed appeal to the Supreme Court of Ohio, Petitioner filed an Appellate Rule 26(A) Application for Reconsideration[2] with the state appellate court, seeking reconsideration of the court's factual finding that Petitioner attacked the victim with a gun. (ECF No. 4 at Ex. 22, PageID 146-50). Petitioner argued that without this incorrect factual finding, the prosecution failed to present sufficient evidence to support his conviction. (*Id.* at PageID 149). The state appellate court denied Petitioner's application because he failed to demonstrate an obvious error or that the court erred as a matter of law. (*Id.* at Ex. 24, PageID 153-57).

After that denial, Petitioner then filed a second Application for Reconsideration because he did not have an opportunity to reply to the state's response in opposition to his first application. (*Id.* at Ex. 34, PageID 248-49). Petitioner reiterated the same arguments as his first application. (*Id.*). The state appellate court denied the application because Rule 26(A) did not provide for second or successive reconsiderations. (*Id.* at Ex. 35, PageID 250-52).

---

[2] An Application for Reconsideration under Ohio Appellate Rule 26(A) is Ohio's mechanism to "prevent a miscarriage of justice that could arise when an appellate court makes an obvious error or renders a decision that is not supported by the law." (ECF No. 4 at Ex. 24, PageID 156 (citing Ohio App. R. 26(A)) (additional citations omitted)).

### C.  Resentencing Hearing and Appeal

The state trial court held a resentencing hearing on March 1, 2024, in response to the state appellate court remanding the matter on direct appeal.  (ECF No. 4-2, PageID 582-99 (hearing transcript)).  The state trial court imposed the same sentence, complying with the Reagan Tokes Act and making the required findings to impose consecutive sentences.  (*Id.*; ECF No. 4 at Ex. 36, PageID 253-57 (judgment entry)).

Petitioner appealed, raising the following two assignments of error to the state appellate court:

[1] THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES.

[2] THE TRIAL COURT ERRED WHEN IT FAILED TO GIVE PROPER NOTIFICATION OF RIGHT TO APPEAL PURSUANT TO CRIM.R.32.

(*Id.* at Ex. 38, PageID 265-74).  The state appellate court affirmed the state trial court's judgment, concluding that Petitioner's assignments of error were without merit.  (*Id.* at Ex. 40, PageID 280-86).  From the record, it does not appear that Petitioner appealed this decision to the Supreme Court of Ohio.  (*See generally* ECF No. 4).

While Petitioner's resentencing appeal was pending, the state trial court entered a judgment entry *nunc pro tunc*, adding credit for time served.  (*Id.* at Ex. 41, PageID 288-92).

### D.  State Post-Conviction Petition

Petitioner filed a *pro se* post-conviction petition, motion for counsel, and motion for expert assistance with the state trial court on December 14, 2023.  (ECF No. 4 at Exs. 30-32).  He raised the following two grounds for relief:

(1) Petitioner's rights to a fair trial and due process were violated because the trial Judge was biased or prejudiced against the Petitioner.

(2) Trial Counsel was ineffective for failing to seek removal of the trial judge because Defendant-Petitioner is entitled to an impartial and unbiased trial.
(3)

(*Id.* at Ex. 30, PageID 229-35).  The record is unclear whether the state trial court has ruled on Plaintiff's post-conviction petition.  (*See generally* ECF No. 4.  *See also* Return, ECF No. 5, PageID 612 (noting that the petition appears to still be pending)).

### E.  Federal Habeas Corpus Petition

On March 20, 2025, Petitioner, proceeding *pro se,* sought a writ of habeas corpus pursuant to 28 U.S.C § 2254 in this Court.  (Petition, ECF No. 1).  In his Petition, he raises the following ground for relief:

> **GROUND ONE:** The trial court erred by denying motion for acquittal and deprived appellant of due process of law as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution by finding him guilty of felonious assault while having insufficient evidence.

(*Id.* at PageID 6).  On May 21, 2025, Respondent filed the state-court record (ECF No. 4); the state trial court transcripts (ECF No. 4-2); and a Return of Writ, asserting that Petitioner's sufficiency of the evidence claim is meritless (ECF No. 5).  Then on July 17, 2025, Petitioner filed a Reply (ECF No. 9), and he filed a Motion for Leave to File Instanter Affidavit in support of his Petition (ECF No. 8 (Declaration in Support)).  This Court granted Petitioner's motion to the extent that the declaration constituted a supplemental argument to his Petition or Traverse. (ECF No. 10, PageID 662).  This matter is now ripe for review.

## II.  GOVERNING LEGAL STANDARD

Review of the Petition is governed by the standard set forth in 28 U.S.C. § 2254(d).  Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599-600 (quoting *Williams*, 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet. *Id.* at 600. As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards. *See, e.g.*, *Cullen v. Pinholster*, [563 U.S. 170, 181-82] (2011) (holding that AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court). It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . . This is a "substantially higher threshold." . . . To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its result, *Harrington v. Richter*, [562 U.S. 86, 98-99] (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them," *Early v. Packer*, 537 U.S. 3, 8[ ] (2002) (per curiam).

*Id.* (additional internal citations omitted).  The Supreme Court extended its ruling in *Harrington* to hold that when a state court rules against a defendant in an opinion that "addresses some issues but does not expressly address the federal claim in question," the "federal habeas court must presume (subject to rebuttal) that the federal claim was adjudicated on the merits" and thus subject to the "restrictive standard of review set out in § 2254(d)(2)."  *Johnson v. Williams*, 568 U.S. 289, 292-93 (2013).

Although the standard is "difficult to meet," § 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington*, 562 U.S. at 102 (citations omitted).  In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state-court ruling on the claim presented was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.* at 103.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final."  *Greene v. Fisher*, 565 U.S. 34, 38-40 (2011) (citations omitted); *cf. Otte*, 654 F.3d at 600 (citing *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision").  In *Greene*, the Supreme Court explained:

> [W]e held last term in *Cullen v. Pinholster*, 563 U.S. 170[ ] (2011), that review under § 2254(d)(1) is limited to the record that was before the state court that

adjudicated the prisoner's claim on the merits.  We said that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." *Id.*, at 182[ ].  The reasoning of *Cullen* determines the result here.  As we explained, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions *as of 'the time the state court renders its decision.'* " *Ibid.* (quoting *Lockyer v. Andrade*, 538 U.S. [63, 71-72 (2003)].

565 U.S. at 38 (emphasis added).

Decisions by lower courts are relevant "to the extent [they] have already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court."  *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).  The writ may issue only if the application of clearly established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins*, 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams*, 529 U.S. at 412).

## III.  ANALYSIS

Petitioner filed the instant federal habeas corpus action, raising a sole ground for relief that challenges the sufficiency of the evidence presented at trial.  (Petition, ECF No. 1).  Respondent asserts that the last reasoned state-court decision was not unreasonable and that Petitioner's claim is without merit.  (Return, ECF No. 5).

A criminal defendant's conviction is consistent with the Constitution only if the evidence presented at trial sufficiently justifies a reasonable factfinder to find guilt beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  For sufficiency-of-the-evidence claims raised in a federal habeas petition, the reviewing court must view the evidence "in the light most favorable to the prosecution."  *Wright v. West*, 505 U.S. 277, 296 (1992) (quoting *Jackson*, 443 U.S. at 319).  Further, "a reviewing court 'faced with a record of historical facts that supports

11

conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'"  *Id.* at 296-97 (quoting *Jackson*, 443 U.S. at 326).

State courts are afforded a double layer of deference for sufficiency-of-the-evidence determinations, so long as the state court's decision was not unreasonable.  *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  As the Sixth Circuit explained in *Brown*, deference must be given to the factfinder's conclusion of guilt because the question is whether "viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.*"  *Id.* (citing *Jackson*, 443 U.S. at 319) (emphasis in original).  Even if a *de novo* review of the evidence leads to the conclusion that no rational trier of fact could have found the essential elements, a federal habeas court "must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable."  *Id.* (emphasis in original); *White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009); *Danielak v. Brewer*, 747 F. App'x 339, 340 (6th Cir. 2018) (citing *Coleman v. Johnson*, 566 U.S. 650, 651 (2012)).  This is a "nearly insurmountable hurdle" for a habeas petitioner to overcome.  *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011) (citation omitted).

Moreover, a "conviction may be sustained based upon nothing more than circumstantial evidence."  *Saxton v. Sheets*, 547 F.3d 597, 606 (6th Cir. 2008) (citing *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006)); *Gipson v. Sheldon*, 659 F. App'x 871, 877 (6th Cir. 2016) ("Circumstantial evidence is sufficient to support a conviction as long as the jury is convinced beyond a reasonable doubt." (citations omitted)).  A "federal habeas court reviewing the sufficiency of evidence to support a conviction need not rule out all possible interpretations of the circumstantial evidence."  *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. Feb. 28,

12

2002) (citing *Jamison v. Collins*, 100 F. Supp. 2d 647, 705 (S.D. Ohio May 10, 2000)).  Thus, a "conviction may be based upon circumstantial evidence as well as inferences based upon the evidence."  *Id.* at 647-48 (citations omitted).

Petitioner asserts that the state presented insufficient evidence to uphold his felonious assault conviction.[3]  (Petition, ECF No. 1, PageID 6).  Petitioner challenges his felonious assault conviction under Ohio Revised Code ("O.R.C.") 2903.11(A)(2), asserting that he did not injure or harm the victim with a deadly weapon, nor did he point, shoot, and otherwise threaten the victim with a deadly weapon.  (*Id.*).  Petitioner contends that the state appellate court misstated the facts to find that he "attacked the victim with a gun."  (*Id.* at PageID 7).  He maintains that the state appellate court then relied on this finding to uphold his conviction, which he asserts was the "only evidence" the court offered to support the felonious assault charge.  (*Id.*).

Respondent counters that the state presented sufficient evidence to support Petitioner's felonious assault conviction and that the state appellate court was not unreasonable in denying this claim on direct appeal.  (Return, ECF No. 5, PageID 617).  Respondent posits that Petitioner's arguments "raise the credibility and weight of the evidence, which are matters for the jury and not for this Court."  (*Id.* at PageID 623).  Respondent also asserts that a rational trier of fact could conclude that Petitioner was "guilty of felonious assault for drawing a firearm during a physical altercation and firing it while engaged in fisticuffs."  (*Id.* at PageID 624 (citations omitted)).

Petitioner counters that the state failed to prove that he knowingly attempted to cause harm by a deadly weapon "when it was never proven or even alleged that the petitioner intentionally fired the gun or ever pointed the gun at Richardson and no other witness testified to

---

[3] Petitioner does not challenge his conviction for having weapons while under disability.  (ECF Nos. 1, 9).

13

this fact." (Reply, ECF No. 9, PageID 644).  Petitioner asserts that the jury could not reasonably infer that he knowingly attempted to cause harm with a deadly weapon based on the evidence presented at trial.  (*Id.*).  He maintains that because he did not purposefully fire the gun toward the victim, there was not sufficient evidence to show an attempt to cause harm.  (*Id.* at PageID 644-45).  As support, Petitioner relies on *Nash v. Eberlin*, 258 F. App'x 761 (6th Cir. 2007), noting that the Sixth Circuit granted relief on a sufficiency-of-the-evidence claim when a firearm accidentally discharged during a struggle.  (ECF No. 9, PageID 646-47).

Petitioner also maintains that this Court does not owe deference to the state appellate court because its decision was based on an unreasonable determination of the facts.  (*Id.* at PageID 650-56).  Further, in his Declaration in Support, Petitioner reiterates his claims that the state appellate court improperly concluded that the victim testified about Petitioner attacking him with a gun.  (ECF No. 8, PageID 631 (citing ECF No. 4 at Ex. 18, PageID 121-29 (state appellate court decision); ECF No. 4-2, PageID 414, 421 (Richardson testimony))).

On direct appeal, the state appellate court found Petitioner's sufficiency-of-the-evidence claim to be without merit, focusing on the fact that surveillance footage from a security camera "clearly shows [Petitioner] drawing a handgun from his pants during the assault." *State v. Simmons*, 2023-Ohio-4246, 2023 WL 8181163, at *6 (Ohio App. 7th Dist. Nov. 22, 2023); (ECF No. 4 at Ex. 18, PageID 128-30).  The Supreme Court of Ohio denied further review.  (*Id.* at Ex. 27, PageID 486).

Based on the state-court record, Petitioner has failed to demonstrate that the state appellate court's decision was an unreasonable application of Supreme Court precedent or based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d).  Petitioner asserts that the "trial court based its case on a theory that pulling out a weapon during a fight was enough to

14

sustain a conviction for felonious assault under O.R.C. 2903.11(A)(2)."  (ECF No. 1, PageID 6).

Ohio's felonious assault statute provides: "No person shall knowingly * * * [c]ause or *attempt to cause* physical harm to another * * * by means of a deadly weapon or dangerous ordnance." (ECF No. 4 at Ex. 18, PageID 128 (quoting O.R.C. 2903.11(A)(2)) (emphasis added)).

According to the record, surveillance footage "clearly" shows Petitioner drawing a firearm from his pants while in a fistfight with the victim, Dominique Richardson.  (*Id.* at Ex. 18, PageID 129).  The jury found that Petitioner intentionally drawing a firearm from his pants while fighting with someone, regardless of any resulting harm or lack thereof, was enough to convict Petitioner of felonious assault.  In other words, the jury determined that drawing an operable firearm during a physical altercation was sufficient to be deemed an attempt to cause harm with a deadly weapon, and this Court owes deference to that conclusion.  *See Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

Petitioner points to *Nash* as support because the Sixth Circuit upheld a district court's decision to grant habeas relief when a firearm accidentally discharged during a scuffle.  (ECF No. 9, PageID 646-47 (citing *Nash*, 258 F. App'x 761)).  That case, however, is factually distinct from this action because in *Nash*, the petitioner stated to police that he only meant to scare his wife with the firearm, cutting against a finding he had made a "knowing" attempt to cause harm. *Nash*, 268 F. App'x at 766.  Here, Petitioner has offered no such evidence to negate the jury's findings.  Petitioner maintains that drawing a firearm during a fistfight does not prove a knowing attempt to cause harm, but the jury made a reasonable inference that pulling out the gun after Petitioner started the fight was sufficient to convict him of felonious assault.  Petitioner does not dispute that he drew the gun, and the surveillance footage reflects that Petitioner did so intentionally.  The jury concluded that Petitioner attempted to cause harm when he drew the

15

weapon.  Under these facts, the jury was not unreasonable in finding Petitioner guilty of felonious assault.

Petitioner also challenges the state appellate court's summarization of the facts, arguing that the court misstated that he "attacked" the victim with a gun.  (ECF No. 1, PageID 7; ECF No. 9, PageID 651).  Petitioner did, however, draw his gun during the fight. Regardless, the state appellate court did not rely solely on its finding that Petitioner "attacked" the victim with a gun, but instead focused on the video evidence, observing that Petitioner "started the fight" and that the "video clearly shows [Petitioner] drawing a handgun from his pants during the assault." (ECF No. 4 at Ex. 18, PageID 129-30).  These factual findings are not unreasonable, and the state appellate court was not unreasonable to determine that Petitioner's sufficiency-of-the-evidence claim lacked merit.

In sum, the jury was not unreasonable to rely on the surveillance footage to infer that Petitioner knowingly attempted to cause harm with a deadly weapon.  *See Dell v. Straub*, 194 F. Supp. 2d 629, 647-48 (E.D. Mich. Feb. 28, 2002) (finding that convictions may be based on circumstantial evidence and on inferences made from that evidence).  Further, the state appellate court's factual findings were not unreasonable because Petitioner initiated the physical altercation with a firearm in his pants and then drew the weapon, which the state appellate court determined was an attack with a gun.  The jury found sufficient evidence to convict Petitioner on the felonious assault charge, which was upheld by the state appellate court.  This reviewing Court owes deference to both determinations, and neither was unreasonable.  *Brown*, 567 F.3d at 205 (citing *Jackson*, 443 U.S. at 319).

Accordingly, Petitioner's sole ground for relief must be **DENIED**.

16

Petitioner also requests an evidentiary hearing.  (Petition, ECF No. 1, PageID 1; Reply, ECF No. 9, PageID 657).  A federal district court reviewing a habeas petition is confined to the record before the state court, unless the last reasoned decision by the state court was unreasonable.  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  Because the undersigned finds that Petitioner's sufficiency of evidence claim is meritless, Petitioner's request for an evidentiary hearing is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Petitioner's federal habeas corpus Petition (ECF No. 1) be **DENIED** and this action **DISMISSED**.  Further, Petitioner's request for an evidentiary hearing is **DENIED**.

It is further **RECOMMENDED** that the Court decline to issue a certificate of appealability because Petitioner has not stated a "valid claim of the denial of a constitutional right" or presented an issue that is "adequate to deserve encouragement to proceed further."  *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Finally, it is **RECOMMENDED** that the Court **DENY** Petitioner leave to appeal *in forma pauperis*, even upon a showing of financial necessity, and **CERTIFY**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith."  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO RECOMMENDED**.


/s/ *Chelsey M. Vascura*
**CHELSEY M. VASCURA**
**UNITED STATES MAGISTRATE JUDGE**

18